STATE OF LOUISIANA *v.* BYTHELL HAYNES.

Under the Act of the Legislature of March 15th, 1855, the Governor has authority to appoint a liquidator to take charge of and liquidate the affairs of any corporation, when its charter has been decreed to be forfeited and and there is no law existing at the time which provides for its liquidation.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*J. O. Fuqua*, and *Muse & Hardee*, for plaintiff. *Moise & Randolph*, for defendant and appellant.

VOORHIES, J. This is an appeal taken by the defendant from a judgment rendered by the court below, vacating his commission as liquidator of the " Clinton and Port Hudson Railroad and Banking Company," incorporated in 1833.

Having forfeited its charter, an Act was passed by the Legislature on the 4th of May, 1847, for the liquidation of the affairs of said company, under which the Governor was authorized to appoint a liquidator for the term of one year. By the Act of the 16th of March, 1848, the Governor was authorized to appoint the same or such other liquidator as to him might seem proper, for a term not exceeding two years. On the 21st of March, 1850, and 30th of April, 1853, the Legislature passed two Acts on the same subject, the former of which limited the term of the liquidator's office to three years from the date of his appointment by the Governor, and the latter to two years from the same period. At the expiration of the term of the liquidator's office, under the last mentioned Act, the affairs of the company being still unsettled, the defendant was reappointed by the Governor on the 18th of April, 1856.

In regard to the duties and powers of the liquidator, it suffices to refer to the Acts to which we have adverted in connection with the cases of *The Gas Light Company* v. *Haynes*, 7 An. 114, and *Haynes* v. *Castor*, 9 An. 266.

The record contains an admission of the insolvency of the company, and that its affairs are still unsettled.

It is contended by the relators, that the Governor had no right to make the appointment after the term of office had expired; and that the defendant was disqualified from holding the office, on the ground of his being a debtor of the company.

The purchase of property encumbered with mortgages in favor of the company, could not have the effect of making the purchaser a debtor of the company. Such we understand from the evidence to be the relation in which the defendants stands to the company.

It is evident that the defendant's appointment as liquidator was not and could not have been made under the Act of 1853. That and the other Acts in relation to the liquidation of the affairs of this company, to which we have adverted, had expired by limitation prior to the appointment of the defendant in this case. But we think the authority for the appointment thus made is to be found in the 7th section of the Act entitled, " An Act to regulate Corporations generally," approved March 15th, 1855, which declares: " That whenever the charter of any corporation in this State shall be decreed forfeited by any competent court, the District Attorney of the district shall forthwith inform the

STATE
*v.*
HAYNES.

Governor of the fact, who shall thereupon appoint a liquidator to take charge of and liquidate the affairs of the corporation, as in case of insolvency of individuals. * * * This section shall not apply to banking or other corporations whose liquidation is otherwise provided for by law." (Session Acts of 1855, p. 486.) It appears to us clear that the company, whose charter had been decreed to be forfeited by a competent court, must be considered as falling within the operation of this enactment, unless excluded by the exception. As there was no law existing at the time which provided for its liquidation, we think it follows as a natural consequence that such an appointment became necessary, and that the Governor was fully authorized to make it under the provisions of this Act.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, and that the application of the relators be rejected, at their costs in both courts.

MERRICK, C. J., recuses himself in this case.